McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:19-MC-00155-KJM-KJN |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $30,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 8, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $30,000.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 9, 2019, USPIS received a claim from Alonzo Sanchez ("Sanchez" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 8, 2019, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail

1

Express parcel # EE457963152US. The parcel was addressed to Cari Ann, P.O. Box 582183, Elk Grove, CA 95758, with the following return address: Teamwin LLC, 516 W 66th Ave, Phila, PA 19126.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on May 8, 2019, law enforcement searched databases and were unable to identify a Teamwin LLC associated with the 516 W. 66th Ave, Philadelphia, PA 19126 address. Law enforcement searched databases and were able to identify a Cari Ann at P.O. Box 582183, Elk Grove, CA 95758. A review of the application for P.O. Box 582183 revealed that an individual named Cari A. Wernicke had applied for the P.O. Box. On May 8, 2019, law enforcement contacted a female who identified herself as Cari Wernicke ("Wernicke") and informed her of the parcel sent from Philadelphia. Wernicke said she was not expecting any parcels from Philadelphia and was unfamiliar with a company called "Teamwin LLC". Wernicke gave consent to law enforcement for search of the parcel.

6. Inside the parcel were two small USPS boxes and a small box wrapped with express mail tape. Within the small taped box was a vacuum sealed plastic bag that contained six stacks of rubber banded cash totaling $30,000.00. The currency consisted mainly of $20 bills, making up $29,620.00 of the total $30,000.00. The parcel did not contain any notes, receipts, or instructions.

7. After finding the cash inside the parcel, law enforcement called Wernicke to inform her of the cash discovery. Wernicke denied the cash was hers and did not know why someone would mail her cash. Law enforcement was unable to locate or contact the sender of the parcel "Teamwin LLC".

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Alonzo Sanchez acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity

institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $15,000.00 of the Approximately $30,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $15,000.00 of the Approximately $30,000.00 in U.S. Currency shall be returned to claimant Alonzo Sanchez through his attorney Isaac Safier.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: April 7, 2020

_____
CHIEF UNITED STATES DISTRICT JUDGE